UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM PLAGENS,

    Plaintiff,

v.                                                                                                                             Case No. 06-12214
                                                                                                                   Hon. Sean F. Cox

SOURCE ONE MORTGAGE
CORPORATION, et al.

    Defendants.

_____

## **OPINION AND ORDER**

This matter is before the Court on Defendant Argent Mortgage's Motion for summary judgment. Plaintiff failed to file a response and failed to respond to this Court's Order to Show Cause why the unopposed Motion should not be granted. For the following reasons, the Court **GRANTS** Defendant's Motion for summary judgment.

### I. BACKGROUND

This action arises out of the alleged fraud by Defendants in obtaining investment capital. Plaintiff sought to invest in the "Fitness Together" franchise. Plaintiff inquired into non-traditional business loans. On August 8, 2005, Plaintiff was contacted by Defendant Source One Mortgage Company. Source One planned to help Plaintiff raise investment capital through the purchase and mortgage of homes.

On August 24, 2005, Plaintiff signed a purchase agreement for a property located at 24335 Connecticut Drive, Southfield, Michigan. Reginald Ellsworth appraised the property at

1

$345,000. Plaintiff alleges Ellsworth inflated the fair market value. On September 14, 2005, Plaintiff closed on the Connecticut Drive property, but alleges he was never given access or a title. At the time of closing, Plaintiff noted there was inaccurate information on the loan documents. The closing occurred at the facilities of Defendant Michigan Trust Title Agency, LLC, an agent of Defendant First American Title Insurance Company ("First American"). Defendant Argent Mortgage funded the loan.

On October 24, 2005, after reading about a Federal Bureau of Investigations ("FBI") sting called "Operation Broken Home," Plaintiff suspected he was the victim of a scam. Plaintiff informed Defendant Argent Mortgage that he wanted to be released from the deal. Defendant Argent agreed to help Plaintiff appraise and sell the house in order to release him from liability. A subsequent appraisal apparently revealed a fair market value lower than $345,000.

On May 15, 2006, Plaintiff filed a Complaint against several Defendants, including Defendant Argent Mortgage Company. Plaintiff alleges: (1) violation of the federal Truth-In-Lending Act; (2) breach of contract; (3) breach of implied warranty; (4) misrepresentation; (5) breach of warranty for a particular purpose; (6) negligence; and (7) violation of the Michigan Consumer Protection Act.

On September 4, 2007, Defendant Argent Mortgage filed the instant Motion for summary judgment. Plaintiff did not file a response. On November 21, 2007, this Court issued an Order to Show Cause why Defendant's unopposed Motion should not be granted. Plaintiff's response to the Order to Show Cause was due December 3, 2007. Plaintiff failed to respond to the Order to Show Cause.

**II. STANDARD OF REVIEW**

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III. ANALYSIS

Because Plaintiff failed to file a response, the Court is justified in relying on the facts advanced by the Defendant. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). Additionally, the Court is not required to conduct its own probing investigation of the record, it is the non-moving party's responsibility to set forth specific facts showing there is a genuine issue for trial. *Id*. at 405. However, the court may not automatically accept the conclusions argued in the unopposed motion, rather, the court must carefully review the legitimacy of the motion. *Id*. at 407.

Defendant Argent Mortgage's only relationship to this action is that it financed Plaintiff's purchase of the property. The mortgage loan application was prepared by, and submitted to Defendant Argent Mortgage by, Defendant Source One. Defendant Argent Mortgage eschews

3

any wrongdoing, or knowledge of fraud.

Plaintiff's fails to support his claims with evidence. There is no evidence, and Defendant Argent Mortgage denies, that it breached a contract or warranty with Plaintiff; that it made any materially false misrepresentations; or that it owed Plaintiff a legal duty. Further, Plaintiff's claims under the Truth in Lending Act and the Michigan Consumer Protection Act are without merit.

Accordingly, because Plaintiff does not present any evidence to support his claims, and because Plaintiff failed to respond to this Court's Order to Show Cause, Defendant Argent Mortgage is entitled to summary judgment.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Argent Mortgage's Motion for summary judgment.

**IT IS SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated: January 8, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 8, 2008, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**